JAMES T. POWELL, *et al. vs.* J. BOUVIER ROUSSEAU, *et al.*

JULY 9, 1915.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1)  *Damages.   Minor.*

In an action by a parent to recover for the death of a minor child by the wrongful act of another, where the court had charged, following the rule laid down in *Schnable* v. *Prov. Public Market,* 24 R. I. 477, that the measure of damages was the pecuniary value of the child's services from the time of the accident resulting in death to the time when it would have reached majority, less its proper support and maintenance, it was not error to refuse the additional instruction to find the present value of the different items of damage arising from the child's death, which would involve the use of annuity tables, and mathematical calculations and which would only tend to further complicate a difficult problem hardly admitting of an exactly correct solution, but it would be enough to call the attention of the jury to the fact that they were making an award to be paid at the

present time for a loss of services which might arise in the future, and that that fact should be taken into account in fixing the amount of such award. *McCabe* v. *Narr. Elec. Lt. Co.*, 26 R. I. 427, and *Reynolds* v. *Narr. Elec. Lt. Co.*, 26 R. I. 457, examined.

(*2*)   *Damages.   Death of Minor.*

.In an action by a parent to recover for the death of a minor by wrongful act, the question of damages is peculiarly within the province of the jury, and where it does not appear that the jury were governed by improper motives, a verdict for $2,000 will not be disturbed simply on an estimate of damages in a lower amount by the trial court, unwarranted in the evidence.

TRESPASS ON THE CASE.   Heard on exceptions of both parties.   Exception of plaintiffs sustained.   Exceptions of defendant overruled.

SWEETLAND, J.   This is an action of the case brought to recover damages for the death of the plaintiffs' minor daughter; which death is alleged to have been caused by the wrongful act and neglect of the defendants.

The case was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiffs for two thousand dollars.   At the conclusion of the plaintiffs' testimony the plaintiffs were nonsuited by said justice as to the defendant, Henry Rousseau.   No exception was taken to this ruling and the case proceeded against J. Bouvier Rousseau as the sole defendant.   After verdict the defendant duly filed a motion for a new trial.   In his decision on said motion the justice presiding refused to disturb the verdict upon the question of liability, but held that the damages awarded were excessive, and granted a new trial unless the plaintiffs would remit all of said verdict in excess of thirteen hundred dollars.   To this decision the plaintiffs excepted; and have brought said exception to this court.   The defendant also excepted to said decision and has brought to this court said exception and other exceptions taken by him during the trial.

Upon the question of liability the evidence was conflicting; the jury found for the plaintiffs; and that finding has been approved by said justice.   After an examination of the

evidence and the briefs of counsel, supplemented by the very thorough analysis of the testimony in the oral argument of counsel, we find no sufficient reason for setting aside the verdict in that regard.

The defendant excepted to the refusal of said justice to charge the jury as follows: "You are further charged that if you come to the question of damages, the only question for you to determine in a case of this kind is what would have been the pecuniary value of the child's services from the time of the accident which resulted in its death to the time when it would have reached the age of majority had the injury not been sustained, less the child's proper support and maintenance, and that after the net result is reached in this way it is necessary to reduce this net result to its present value."

(1)    Said justice had already charged the jury in accordance with the rule as to the measure of damages, in actions brought by a parent to recover for the death of a minor child caused by wrongful act, or neglect of another, which this court laid down in Schnable v. Providence Public Market, 24 R. I. 477.    The defendant's request to charge states the rule in the Schnable case with an addition.    To said rule the defendant has added the matter contained in the last clause of said request.    The purpose and effect of this request is to combine with the Schnable rule a portion of the rule as to damages laid down in McCabe v. Narragansett Electric Lighting Co., 26 R. I. 427, and in Reynolds v. Narragansett Electric Lighting Co., 26 R. I. 457.    The McCabe case and the Reynolds case were actions to recover damages for the death of an adult caused by the wrongful act or neglect of another. In the McCabe case the court said: "It is obvious, too, that the loss sustained by the plaintiff here is the present value of the net result remaining after his personal expenses are deducted from his income or earnings.    To ascertain this it is, of course, necessary to ascertain first the gross amount of such prospective income or earnings, then to deduct therefrom what the deceased would have to lay out

as a producer to render the service or to acquire the money that he might be expected to produce, computing such expenses according to his station in life, his means and personal habits, and then to reduce the net result so obtained to its present value."

This statement of the mode of computing damages might be open to the criticism that although under the rule there stated the jury would be directed to find the net result of the income of the deceased and then to reduce the net result so obtained to its present value, the rule fails to state as of what date said net result should be considered as payable and hence for what period the deduction should be made for the anticipated payment. If said net result should be considered as payable at the termination of the period of the expectation of life of the deceased, a deduction because of payment anticipated from that date would be manifestly unfair to the beneficiaries; for the benefit to them of the life of the deceased would be continuous during that life and would not be deferred until its termination. Instead of directing a jury to first find the gross amount of the prospective income of the deceased during the period of his expectation of life and from that gross amount to deduct the gross amount of his expenses for that period and then to find the present value of the net result, perhaps it would be better and more in accord with the intention of this court to direct the jury to find the net balance of income over expenses for each year, and for the periods in which the jury find that such yearly balances are constant to treat such balances as an annuity payable to the beneficiaries, and to find the present value of such yearly balances. Thus it appears that the logical application of the requirement that the plaintiffs shall recover strictly the present value of the pecuniary benefit arising from the life of the deceased, is not without difficulty and complication when the action is for the death of an adult. In the *Reynolds* case the court again states the rule of the *McCabe* case requiring the jury to find the present value of the net balance of gross earnings over gross expenses for the whole period

of the expectancy of life. The court, however, ruled in the *Reynolds* case that annuity tables were admissible in evidence; and that the annuity tables might be applied in the ascertainment of the present value of said net balance. As the only use of annuity tables in that case would be to assist the jury in finding the present value of certain yearly payments, we must believe that the court did not intend the strict effect of its language in the statement of the rule of damages; but meant to say that the value to the beneficiaries of the life in question should be regarded as a yearly benefit and that the jury should find the present value of such yearly benefit considered as an annuity.

The instruction to the jury which the defendant requested, is open to the criticism that it does not state of what date the jury should consider said net result of pecuniary benefit as accruing to the parents, for the purpose of ascertaining its present value. We are of the opinion however that, in such a case as this, any strict instruction to the jury to find the present value of the different items of damage arising from the child's death, which would involve the use of annuity tables and mathematical calculations, would only tend to further complicate what from its nature must always be a most difficult problem hardly admitting of an exactly correct solution.

In an action to recover for the loss arising from the death of an adult, we have seen that it is often a difficult and complicated problem to find the present value of what would have been the pecuniary benefit of said adult's life to his family if his life had continued. To ascertain the present value of the prospective pecuniary benefit to his parents of the life of a young child until said child reaches majority, is a problem many times more difficult and complicated. In the case of adults the earning capacity is generally fairly uniform over considerable periods of life, the same is also true of the adults' expenses; for quite extended periods the benefit to his family has some resemblance to an annuity. In the case of a young child the court has pointed out in the

*Schnable* case that the prospective pecuniary value to his parents of such child's services is problematical if not speculative. Such services, if they ever arise, probably will constantly be changing in value. It would not be expedient to instruct the jury that when they have fixed upon the prospective values of said services for the different periods until the child would have reached majority, they should then enter upon the calculation of what should be deducted from each item because of present payment. It would be enough to call it to the jury's attention that they are making an award to be paid at the present time for a loss of services which may arise in the future and that that fact should be taken into account in fixing the amount of such award.

In the *Schnable* case, the court laid down a rule for computing damages in cases like that at bar, which rule has since been followed in this State. We see no sufficient reason for changing it at this time. We find no merit in the other exceptions of the defendant.

(2) The plaintiffs excepted to the decision of said justice granting a new trial unless they remitted all of said verdict in excess of thirteen hundred dollars. In *Schnable* v. *Public Market, supra,* the court held that the question of damages, in such a case as this, is one peculiarly within the province of a jury to determine and said: "It follows, therefore, that, unless it be made to appear in a given case that the jury were influenced by passion, prejudice, or some improper motive, or that they failed to be governed by the law and the evidence in the case, their finding upon the question of damages will not be disturbed." That language is applicable to the case at bar. The only evidence upon the question of the prospective earning power of the child and the prospective cost of maintaining her, was contained in the testimony of the father of the child. It appears that the jury were not entirely governed by the father's testimony; for the amount of their verdict is less than the result of the father's computation. Said justice in his decision

says that he regards the father's estimate of the cost of keeping a daughter too low; and although there is no evidence in its support he sets out a schedule of what in his opinion would be conservative estimates of the cost of supporting a child during the different periods until its majority, in a family of the plaintiffs' financial condition. His estimate is different from that of the father and apparently different from that of the jury. It may or may not be more correct than either. It has, however, no warrant in the evidence. The justice does not suggest in his decision that in his opinion the jury were influenced by any improper motives. It appears simply that he would have arrived at a different conclusion from that of the jury. We are forced to hold that we find nothing in the evidence or in said decision which would justify us in accepting the estimate of the judge rather than that of the jury upon this question which is so clearly within the jury's province to determine.

The exceptions of the defendant are all overruled. The exception of the plaintiffs is sustained.

The case is remitted to the Superior Court with direction to enter judgment upon the verdict.

*John J. Mee, John I. Devlin,* for plaintiff.
*Gardner, Pirce & Thornley,* for defendant.
*Thomas G. Bradshaw,* of counsel.